UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL DOUVILLE, | § | |
| Plaintiff | § | |
| vs. | § | CIVIL ACTION NO. 4:09-cv-3921 |
| INVESTMENT RETRIEVERS, INC., | § | JURY DEMAND |
| Defendant | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Daniel Douville, Plaintiff in the above-numbered and styled case, complaining of and against Investment Retrievers, Inc., and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here and/or the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Daniel Douville (hereinafter "Douville"), is an individual residing at 16222 Morgans Turn, Houston, TX 77095.

4. Defendant, Investment Retrievers, Inc. (hereinafter "Investment Retrievers"), is a

foreign limited liability company engaged in the practice of collecting debts in this state with its principal place of business located at 4511 Golden Foothill Pkwy, Ste. 3, El Dorado Hills, California 95762.  Investment Retrievers may be served through its registered agent listed with the Texas Secretary of State, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.  The principal purpose of Investment Retrievers is the collection of debts using the telephone and mails, and Investment Retrievers regularly attempts to collect debts alleged to be due another.

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

## IV.  FACTUAL ALLEGATIONS

6.      On or about March 12, 2005, Plaintiff entered into a retail installment contract with BMW Financial Services.  Upon discovery that his wife had cancer, Plaintiff breached his contract with BMW Financial Services and notified them that he was voluntarily relinquishing the vehicle.  Sometime after that date, the right to recover the outstanding balance of the retail installment contract was purportedly assigned to Defendant.

7.      Defendant did not at any time relevant to this suit hold a license with the Texas Office of the Consumer Credit Commissioner despite the requirement in the Texas Finance Code that only authorized lenders, credit unions and those that hold licences with the Office of the Consumer Credit Commissioner are entitled to recover outstanding balances on retail installment contracts.

8.      On or about December 8, 2008, Defendant, left a message on Plaintiff's home answering machine in an attempt to collect the above referenced consumer debt from Plaintiff.  The communication did not state that it was from a debt collector attempting to collect a debt.

9.      On or about December 12, 2008, Defendant left a message on Plaintiff's cellular phone in an attempt to collect a consumer debt from Plaintiff.  The communication did not

state that it was from a debt collector attempting to collect a debt.

10. On or about December 15, 2008, Defendant left a message at on Plaintiff's work voice mail in an attempt to collect a consumer debt. The communication did not state that it was from a debt collector attempting to collect a debt.

11. On or about December 16, 2008, Defendant contacted Plaintiff's neighbor. In that conversation, Defendant requested that Plaintiff's neighbor walk to Plaintiff's house and get a message to Plaintiff because Plaintiff's phone was "just buzzing." As evidenced by the previous calls, when Defendant contacted Plaintiff's neighbor, Defendant was already in possession of three working telephone numbers for Plaintiff, thus the communication with Plaintiff's neighbor was not an attempt to obtain location information for Plaintiff.

12. On or about December 18, 2008, Defendant left another message on Plaintiff's work voice mail in an attempt to collect a consumer debt. The communication did not state that it was from a debt collector attempting to collect a debt.

13. On or about December 22, 2008, Defendant requested to speak with one of Plaintiff's co-workers and left a message on Plaintiff's co-worker's voicemail requesting that she get Plaintiff to call Defendant. As evidenced by the previous calls, when Defendant contacted Plaintiff's co-worker, Defendant was already in possession of three working telephone numbers for Plaintiff. The communication was not an attempt to obtain location information for Plaintiff.

14. On or about December 29, 2008, despite having Plaintiff's home telephone number, cellular phone number and the ability to reach Plaintiff's individual voice mail at work, Defendant left a message on the company wide voice mail for Plaintiff in an attempt to collect a consumer debt from Plaintiff. The communication was not an attempt to obtain location information.

15. On or about January 2, 2009, Defendant left another message on Plaintiff's work voice mail in an attempt to collect a consumer debt. The communication did not state that

it was from a debt collector attempting to collect a debt.

16.     On or about January 9, 2009, despite having Plaintiff's home telephone number, cellular phone number and the ability to reach Plaintiff's individual voice mail at work, Defendant left another message on the company wide voice mail for Plaintiff in an attempt to collect a consumer debt from Plaintiff. The communication was not an attempt to obtain location information.

17.     On or about January 13, 2009, Defendant left another message on Plaintiff's cellular phone in an attempt to collect a consumer debt from Plaintiff. The communication did not state that it was from a debt collector attempting to collect a debt.

18.     On or about January 22, 2009, Defendant left another message on Plaintiff's cellular phone in an attempt to collect a consumer debt from Plaintiff. The communication did not state that it was from a debt collector attempting to collect a debt.

19.     On or about January 27, 2009, Defendant left a message on Plaintiff's home phone answering machine in an attempt to collect a consumer debt from Plaintiff. The communication did not state that it was from a debt collector attempting to collect a debt.

20.     On or about January 30, 2009, Defendant left another message on Plaintiff's cellular phone in an attempt to collect a consumer debt from Plaintiff. The communication did not state that it was from a debt collector attempting to collect a debt.

21.     On or about February 25, 2009, Defendant left another message on Plaintiff's cellular phone in an attempt to collect a debt from Plaintiff. The communication did not state that it was from a debt collector attempting to collect a debt.

22.     On or about March 3, 2009, Defendant left a message on Plaintiff's home phone answering machine in an attempt to collect a consumer debt from Plaintiff. The communication did not state that it was from a debt collector attempting to collect a debt.

23.     On or about March 16, 2009, Defendant left another message on Plaintiff's cellular phone in an attempt to collect a debt from Plaintiff. The communication did not state that

it was from a debt collector attempting to collect a debt.

24. On March 9, 2009, Defendant filed a Texas state court lawsuit to collect the outstanding balance of the aforementioned retail installment contract. The case was styled *Investment Retrievers, Inc. V. Daniel Douville; No. 936017; In the County Civil Court at Law No. 2, Harris County, Texas*.

25. Plaintiff hired an attorney to defend the state court lawsuit and paid a flat fee of $1,250 for attorney's fees in his defense.

26. In defense of the state court lawsuit, Plaintiff asserted that Defendant did not have the right to bring the lawsuit or otherwise collect the outstanding balance of the retail installment contract because Defendant did not hold a license with the Texas Office of the Consumer Credit Commissioner as per the requirement in the Texas Finance Code. Tex. Fin. Code § 348.501(a) states that "[a] person may not act as a holder under this chapter unless the person: (1) is an authorized lender or a credit union; or (2) holds a license issued under this chapter." Tex. Fin. Code § 348.001(3)(B) defines a "holder" as the person to whom an outstanding balance of a retail installment contract is sold or otherwise transferred to.

27. On November 9, 2009, the state court lawsuit came to be heard and after hearing the evidence of both sides, the trial ruled in favor of Douville and ordered that Investment Retrievers Inc., take nothing.

### V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff incorporates paragraphs 1-27 above.

29. Defendant violated the FDCPA by:

(a) falsely and misleadingly representing that they were entitled to the outstanding balance of a retail installment contract when they were not licensed by the Office of the Consumer Credit Commissioner in violation of 15 U.S.C. § 1692e(2)(A) , (5) and (10);

(b) engaging in false, deceptive or misleading representations in connection with the collection of a consumer debt in violation of 15 U.S.C. § 1692e(11) by not disclosing in its initial oral communication with the consumer that the debt collector is attempting to collect a debt;

(c) engaging in false, deceptive or misleading representations in connection with the collection of a consumer debt in violation of 15 U.S.C. § 1692e(11) by not disclosing in subsequent communications with the consumer that the communications were coming from a debt collector;

(d) communicating with third parties in connection with the collection of a consumer debt for reasons other than to obtain location information in violation of 15 U.S.C. § 1692c(b).

29. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

## VI.  JURY DEMAND

30. Plaintiff demands a jury trial.

## VII. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), including fees in the event of appeal; and

D. Such other and further relief as may be just and proper.

Respectfully submitted,

    /s/ Greg Nodler
Greg Nodler
State Bar No. 24053395
Richard Tomlinson
State Bar No. 20123500
LAW OFFICE OF RICHARD TOMLINSON
3100 Timmons Lane, Suite 100
Houston, Texas 77027
713/627-2100
Fax: 713/627-2101